UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK WAWRZYNSKI AND<br>LORI WAWRZYNSKI, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. 5:20-CV-784 |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY, | |
| Defendant. | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY gives notice and hereby remove this action from the County Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I. BACKGROUND

1.      On May 22, 2020 Plaintiffs, filed Plaintiff's Original Petition (hereinafter "Petition") in Bexar County, Texas, under Cause No. 2020CI09303; MARK WAWRZYNSKI AND LORI WAWRZYNSKI v. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; in the 224TH District Court of Bexar County, Texas. (the "State Court Action").

2.      Plaintiff's claims relate to real property located in Bexar County, Texas and homeowner's insurance policy no. 000836176744, issued by the Defendant. Plaintiff's petition asserts claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing, and Fraud.

1

3.      Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b).  Suit was served on Defendant on June 5, 2020.  Pursuant to FRCP 6 this is properly removed as the 30th date from service was Sunday July 5.

## II. PROCEDURAL REQUIREMENTS

4.      Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(d)(4).

5.      Attached hereto as **Exhibit A** is an Index of Matters.  Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served. [1]

6.      Simultaneously with the filing of this Notice of Removal, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

7.      Included in this filing are Defendants Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E**) and List of All Counsel of Record (**Exhibit F**).

## III. BASIS FOR REMOVAL

8.      Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

---

[1] Due to technical issues with the state court e-filing system, some of the documents are unavailable at this time.

**A.    Diversity**

9.    Plaintiffs are, and were at the time the lawsuit was filed, natural persons and residents of Bexar County in the State of Texas and thus, is a citizen of Texas. *See* Plaintiff's Original Petition.

10.    Defendant, Allstate Vehicle and Property Insurance Company is an Illinois corporation with it's principal place of business in Illinois.

**B.    Amount in Controversy**

11.    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

12.    The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief

3

satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

13.    The amount in controversy in this case exceeds $75,000.00 as asserted by Plaintiff's state court petition.. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by the Defendant, Allstate. Plaintiff's petition asserts causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing. Plaintiffs seek costs to repair Plaintiff's property, attorney's fees, treble damages pursuant to the Texas insurance code, and exemplary damages.

14.    Plaintiff has pled that for damages in excess of $75,000 but less than $200,000. In addition, Plaintiff sent a presuit demand stating they sought $127,500.00.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants remove the State Court Action from San Antonio District Court, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana, Suite 2400
Houston, TX  77002
Michael.maus@allstate.com
(713) 336-2842
(877) 684-4165 (fax)
ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel as required by the rules of civil procedure.

Shaun W. Hodge                                        via ECF
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
Email: shodge@hodgefirm.com

**MICHAEL MAUS**